IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| INTEGRITY WORLDWIDE, INC. AND JOHN MELIC, <br>           Plaintiffs, <br><br> vs. <br><br> INTERNATIONAL SAFETY ACCESS CORPORATION; KLEAR-KNIT, INC.; ULF BOSHAMER; AND ROGER SCHWARTZ; <br>           Defendants. | C/A No. 0:14-CV-0213-MBS <br><br><br><br> **O R D E R AND OPINION** |

This matter is before the court on a motion to dismiss and strike complaint filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants International Safety Access Corporation ("ISAC"); Klear-Knit, Inc. ("Klear-Knit"); Ulf Boshamer ("Boshamer"); and Roger Schwartz ("Schwartz") (collectively "Defendants") on June 5, 2014. ECF No.12. Also on June 5, 2010, Defendants filed a separate motion to strike Plaintiffs' demand for a jury trial pursuant to Fed. R. Civ. P. 39. ECF No. 13. Plaintiffs Integrity Worldwide, Inc. ("Integrity") and John Melic ("Melic") filed a memorandum in opposition to both motions on July 14, 2014. ECF No. 17.

**FACTS**

This action arises out of Plaintiffs' difficulty in enforcing the judgment against Defendants in a previous lawsuit. Integrity and Melic along with ISAC were parties to a Distributor Agreement dated April 2006 that granted ISAC the exclusive right to sell Integrity's edge protection system in the United States and obligated ISAC to make certain minimum purchases. ECF No. 1 at ¶¶ 14-15. Subsequently, ISAC expressed a desire to terminate the Distributor Agreement, but the parties were

unable to reach an agreement on the termination. ISAC filed a lawsuit against Integrity and Melic in the Court of Common Pleas of York County, South Carolina. Integrity and Melic later moved that action to this court. On June 8, 2011, a jury returned a verdict in favor of Integrity and Melic on their counterclaim in the amount of $287,000. *See International Safety Access Corp. v. Integrity Worldwide Inc.*, No. 0:09-cv-315 (D.S.C. June 8, 2011). On June 10, 2011, this court entered a judgment against ISAC consistent with the jury's verdict. ISAC filed a number of post-trial motions that were ultimately denied by this court on December 28, 2011. At some time thereafter, Plaintiffs conducted discovery in aid of execution and learned that Klear-Knit whose majority shareholder is Boshamer–also ISAC's chief shareholder–had loaned money to ISAC in a series of Demand Promissory Notes. ECF No. 1 at ¶ 44. The notes were dated between 2006 and 2010. *Id.* at ¶ 45. Schwartz signed the Promissory Notes on behalf of ISAC, and Boshamer signed most of the Promissory Notes on behalf of Klear-Knit. *Id.* at ¶¶ 46-47. On January 18, 2011, ISAC and Klear-Knit entered into a Uniform Commercial Code ("UCC") Security Agreement that purported to secure the promissory notes with a significant portion of ISAC's assets. *Id.* at ¶ 51. As a consequence of the security agreement between ISAC and Klear-Knit, Plaintiffs were unable to execute upon any of ISAC's assets to collect the judgment entered in their favor on June 10, 2011.

Subsequently, on January 24, 2014, Plaintiffs brought this action against Defendants, alleging that the purpose of the claimed security interest between Klear-Knit and ISAC was to prevent Plaintiffs from collecting upon a potential judgment against ISAC. Specifically, Plaintiffs assert claims for Fraudulent Conveyance, Count 1; Attachment and Constructive Trust, Count 2; Declaratory Judgment, Count 3; Conspiracy to Defraud Creditors, Count 4; and Action to Pierce the Corporate Veil, Count 5. ECF No. 1. Plaintiffs also request relief in the form of attorneys' fees,

compensatory damages, punitive damages, enforcement of the previous judgment, and a declaration setting aside the security interest between Klear-Knit and ISAC. ECF No. 1 at ¶ 113. Additionally, Plaintiffs request a jury trial. *Id.* at 14. In their motion to dismiss, Defendants request that this court dismiss counts 3 and 4. ECF No. 12. Defendants also request that this court strike Plaintiffs' requests for attorneys fees, compensatory damages, punitive damages, and a jury trial. ECF Nos. 12, 13.

## LEGAL STANDARDS

### A. Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id.* at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id.*

### B. Applicable Law in Diversity Actions

In an action that commences in federal court based on diversity of citizenship, the court must apply state law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed

by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Since this action arose in South Carolina, this court must apply the law of the state of South Carolina in order to resolve this dispute. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941) (holding that a federal court sitting in diversity must apply the choice of law rules of the state in which it sits); *see also Lister v. NationsBank of Delaware, N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997) (noting that under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the state in which the injury occurred).

## ANALYSIS

### A. Fraudulent Conveyance (Count 1)

Plaintiffs request relief in the form of attorneys' fees in association with their fraudulent conveyance claim. ECF No. 1 at ¶ 80. Defendants assert that Plaintiffs' requests for attorneys' fees should be stricken from the complaint because attorneys' fees are recoverable in South Carolina only if authorized by contract or statute. Since there is no contract or statute at issue that would permit Plaintiffs to recover attorneys' fees, Defendants contend that attorneys' fees are not recoverable in this case.

Generally, a party cannot recover attorneys' fees unless authorized by contract or statute. *Judy v. Judy*, 742 S.E.2d 672, 676 (S.C. Ct. App. 2013) (internal citations omitted). In *Judy*, the South Carolina Court of Appeals affirmed a circuit court order finding that conveyances of land between family members after being sued and knowing their case would be called for trial were fraudulent and violated the Statute of Elizabeth. However, the court reversed the circuit court's decision to assess attorneys' fees against the defendants for vexatious and fraudulent conduct, and

held that such an award was an abuse of discretion. *Id.* In reversing, the court noted that "if that behavior is a sufficient basis for an award of attorney's fees, fees would be appropriate in any Statute of Elizabeth case and our legislature has not provided for such by statute." *Id.* In this case, Plaintiffs allege that the security agreement between ISAC and Klear-Knit was entered into after Defendants knew that the case would soon be called for trial. ECF No. 1 at ¶ 54.

As in *Judy*, Plaintiffs assert their fraudulent conveyance claim pursuant to the Statute of Elizabeth, codified as S.C. Code § 27-23-10. Because the Statute of Elizabeth does not provide for attorneys' fees and South Carolina courts have declined to award attorneys' fees under allegations similar to the fraudulent conveyance allegations before this court, Plaintiffs' request for attorneys' fees associated with their fraudulent conveyance claim shall be stricken from the complaint. Defendants' motion to dismiss is granted as to this issue.

**B. Conspiracy to Defraud Creditors (Count 4)**

Defendants contend that Plaintiffs' claim for conspiracy to defraud creditors should be dismissed because Plaintiffs failed to plead special damages and additional acts in furtherance of the conspiracy. Specifically, Defendants contend that Plaintiffs' claim for conspiracy to defraud creditors is merely a restatement of their fraudulent conveyance claim. Plaintiffs counter that they did plead special damages and that the acts alleged in the complaint render the complaint sufficient to pass Rule 12(b)(6) muster. This court will analyze Plaintiffs' claim for conspiracy to defraud creditors as a claim for civil conspiracy.

In order to state a claim for civil conspiracy, Plaintiffs must allege that (1) two or more persons acted together, (2) for the purpose of injuring them, and (3) caused them special damage. *See Benedict Coll. v. Nat'l Credit Sys., Inc.*, 735 S.E.2d 518,521 (S.C. Ct. App. 2012). Because

5

"an unexecuted civil conspiracy is not actionable," Plaintiffs must allege additional actions taken in furtherance of the conspiracy. *Todd v. South Carolina Farm Bureau*, 278 S.E.2d 607, 611 (S.C. 1981) (internal citations omitted). Put another way, Plaintiffs cannot plead the same set of facts for the actionable wrong and the civil conspiracy, then expect to recover damages for both. *See id.* Moreover, in order to sustain an action for civil conspiracy, Plaintiffs must allege special damages, which "are the natural, but not the necessary or usual, consequence of the tortfeasor's conduct." *Benedict Coll.*, 735 S.E.2d at 523 (holding that the civil conspiracy at issue would not have necessarily required a law suit by the plaintiffs, so the attorney's fees and costs could be considered special damages) (internal quotations omitted). Dismissal of a claim for civil conspiracy is appropriate where the plaintiffs merely repeat the damages from another claim instead of specifically listing special damages for their civil conspiracy claim. *Id.* Therefore, this court must compare allegations from each of the causes of action in Plaintiffs' complaint to determine whether Plaintiffs alleged facts and damages for their civil conspiracy claim that are separate and distinct from their other causes of action. *See James v. Pratt and Whitney*, 126 F. App'x 607, 613 (4th Cir. 2005).

In their fraudulent conveyance claim against Defendants ISAC and Klear-Knit, Plaintiffs assert that the creation of the security interest between ISAC and Klear-Knit occurred at a time when ISAC knew "it was indebted to Integrity, that Integrity had filed counterclaims against it on that indebtedness and that trial on that counterclaim was imminent." ECF No. 1 at 9 ¶ 7. Plaintiffs also assert that either the security interest was created without valuable consideration, or it was created to purposely defraud ISAC's creditors with that intent imputable to Klear-Knit because Boshamer was a shareholder of both entities. *Id.* at ¶¶ 68-69. Because the security

6

interest was created, ISAC did not "[retain] sufficient property to pay Plaintiffs' Judgment in full." *Id.* at ¶ 70. Conversely, Plaintiffs assert their claim for civil conspiracy against all Defendants, not just the corporate Defendants, and allege that Defendants "engaged in affirmative actions together for the purpose of defrauding ISAC's creditors." *Id.* at ¶ 98. As an example of Defendants' action, Plaintiffs assert that Defendants "conspired to create a security interest to defeat Plaintiffs' ability to execute upon and collect the judgment." *Id.* at ¶ 99. Plaintiffs also allege that "in furtherance of this conspiracy, Defendants communicated with each other, drafted documents, signed agreements and undertook other additional affirmative steps." *Id.* at ¶ 100. Plaintiffs allege that the creation of the security interest, which is the subject of the fraudulent conveyance claim, is one example of how the conspiracy was furthered. Plaintiffs' allegations are sufficient to show that a conspiracy existed. Plaintiffs also allege that the conspiracy was executed in at least one instance. The court finds that the complaint contains independent allegations of a civil conspiracy with language that is not identical to the fraudulent conveyance cause of action.

Even though Plaintiffs' factual allegations for civil conspiracy are sufficient to survive a Rule 12(b)(6) motion to dismiss, this court must also examine whether Plaintiffs have properly pleaded special damages. Plaintiffs assert that they "sustained special damage, including (but not limited to) unnecessary delay and attorneys' fees incurred in collecting the judgment from ISAC." *Id.* at ¶ 101. When attorneys' fees are requested as special damages, South Carolina courts have routinely departed from the general rule and permitted the recovery of attorneys' fees. *See Benedict Coll. v. Nat'l Credit Sys., Inc.*, 735 S.E.2d 518 (S.C. Ct. App. 2012); *Solley v. Navy Fed. Credit Union, Inc.*, 723 S.E.2d 597 (S.C. Ct. App. 2012); *NGM Ins. Co. v. Carolina's*

7

*Power Wash & Painting, LLC*, No. 2:08-cv-3378, 2010 WL 4340347 (D.S.C. Oct. 25, 2010); *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 398 S.E.2d 500 (S.C. Ct. App. 1990). Special damages are those damages that "are the natural, but not the necessary or usual, consequence of the defendant's conduct." *Loeb v. Mann*, 18 S.E. 1, 2 (S.C. 1893). Since special damages are not implied by law, they must be specifically alleged in the complaint to put the other party on notice that they are being sought. *Benedict Coll.*, 735 S.E.2d at 523. Plaintiffs also asked the court to award them attorneys' fees and costs incurred as a result of the fraudulent conveyance. ECF No. 1 at ¶ 80. Plaintiffs' request for attorneys' fees as special damages for their civil conspiracy claim simply mirrors Plaintiffs' request for attorneys' fees for their fraudulent conveyance claim. Ordinarily, the overlap in damages sought would result in dismissal of Plaintiffs' claim for civil conspiracy. Because the request for attorneys' fees associated with the fraudulent conveyance claim will be stricken by this court, as discussed above, the requests for damages no longer overlap and Plaintiffs' claim for special damages is sufficiently pleaded. Accordingly, Plaintiffs have stated a claim for civil conspiracy for which relief can be granted.

**C. Damages**

Plaintiffs request that this court award them compensatory damages in excess of $75,000 and punitive damages. ECF No. 1 at ¶ 113(a), (d). Defendants assert that Plaintiffs cannot recover compensatory or punitive damages because such damages are not allowed in an equitable action. Moreover, Defendants contend that Plaintiffs' complaint does not include sufficient allegations of willfulness to support an award of punitive damages.

As a threshold matter, compensatory damages include special damages. *Shieder v. Southern Ry. Co.*, 65 S.E. 631, 633 (S.C. 1909) (Jones, C. J., concurring). To the extent that

Plaintiffs' claim for compensatory damages is inclusive of its claim for special damages, the request for compensatory damages should not be stricken. Furthermore, although rare, compensatory damages can be awarded in equity when an equitable remedy alone does not grant full or complete relief. *See Perry v. Green*, 437 S.E.2d 150, 152 (S.C. Ct. App. 1993) (noting that in an equitable specific performance action, a court sitting in equity has full jurisdiction to order specific performance as well as the legal damages that have resulted from the delay in the performance.); *see also Insurance Financial Services, Inc. v. South Carolina Ins. Co.*, 247 S.E.2d 315, 318 (S.C. 1978) ("The trial of a case in a court of equity does not foreclose the award of damages."); *Alderman v. Cooper*, 185 S.E.2d 809, 811 (S.C. 1971) ("A court of equity, having assumed jurisdiction in a case, has the authority to grant complete relief by making an award of compensatory damages where appropriate."). Thus, it would be premature to strike Plaintiffs' request for relief in the form of compensatory damages at this time.

Conversely, punitive damages are not permitted in equity. *See Welborn v. Dixon*, 49 S.E. 232, 235 (S.C. 1904). However, in an action involving both legal and equitable causes of action, the evidence regarding punitive damages would only be relevant to the legal claims. *See Harper v. Ethridge*, 348 S.E.2d 374, 380 (S.C. Ct. App. 1986). A punitive damages claim does not have to be "specially pleaded or demanded by that name, it being sufficient that the facts alleged justify an award of such damages." *Tucker v. Reynolds*, 233 S.E.2d 402, 404 (S.C. 1977). So long as Plaintiffs plead facts to the effect that Defendants acted willfully, maliciously, or with a reckless disregard for Plaintiffs' rights, their request for punitive damages will pass Rule 12(b)(6) muster. *See Blakely v. Wright*, 235 S.E.2d 803, 806 (S.C. 1977) (denying a punitive damages award because the plaintiff only pleaded that the defendant acted wrongfully, and there

9

was no pleading of facts that the defendant acted willfully, maliciously, or by collusion). In this case, Plaintiffs have asserted a claim for civil conspiracy, an action at law, for which Plaintiffs could be entitled to punitive damages. In their complaint, Plaintiffs specifically requested punitive damages. ECF No. 1 at ¶ 113(d). Plaintiffs also asserted that Defendants acted together "for the purpose of defrauding ISAC's creditors." ECF No. 1 at ¶ 98. Although Plaintiffs did not use the words "willful, wanton, and reckless" in their complaint, this court finds it sufficient to support their request for punitive damages that Plaintiffs pleaded Defendants purposefully took action to defraud them. Therefore, because Plaintiffs have stated a meritorious legal claim for which punitive damages could be granted, the request for punitive damages shall not be stricken from the complaint.

**D. Declaratory Judgment**

Defendants request that this court exercise its discretion and decline to entertain Plaintiffs' declaratory judgment claim, outlined in Count 3 of the complaint, because the claim is redundant and repetitious of the claim for fraudulent conveyance. Plaintiffs contend that they are permitted to plead in the alternative pursuant to Fed. R. Civ. P. 8(a)(3). Plaintiffs also assert that notwithstanding the Rules, their declaratory judgment claim is not redundant. According to Plaintiff, their declaratory judgment action seeks a determination that permits them to execute on ISAC's assets even if this court finds that the contested security interest is valid.

Although Defendants correctly assert that this court can exercise its discretion and decline to entertain Plaintiffs' action for a declaratory judgment, the exercise of that discretion is not boundless. *Volvo Const. Equipment North America, Inc. v. CLM Equipment Company, Inc.*, 386 F.3d 581, 594 (4th Cir. 2004); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)

(noting that a district court can stay or dismiss a declaratory judgment action before trial or after arguments have drawn to a close). This court is required to consider a declaratory judgment action "when declaratory relief will serve a useful purpose in clarifying and settling the legal relations in issue," and will provide relief from the controversy that gave rise to the proceeding. *Id.* (Internal quotations and citations omitted). In this case, Plaintiffs seek a declaratory judgment that "Plaintiffs may execute upon the assets of ISAC, notwithstanding the claimed security interest." ECF No. 1 at ¶ 95. In order to afford Plaintiffs relief under a theory of fraudulent conveyance, as requested in count one, this court must determine that the security interest between Klear-Knit and ISAC is fraudulent, and, therefore, void. In order to afford Plaintiffs declaratory relief, the court does not need to determine that the contested security interest is void. The court is only required to determine whether Plaintiffs' interest in executing upon ISAC's assets to secure the judgment owed to them takes precedence over Klear-Knit's claimed security interest in those assets. Thus, Plaintiff's declaratory judgment action is not redundant, and the court declines to forego its exercise of jurisdiction over that cause of action at this time. Accordingly, this court finds that Plaintiffs have stated a cause of action for declaratory judgment for which relief can be granted.

### E. Jury Trial

Defendants assert that Plaintiffs' demand for a jury trial should be stricken because all of Plaintiffs' claims are equitable in nature, and, as such, Plaintiffs are not entitled to a jury trial. Plaintiffs counter that they have asserted legal claims, so they are entitled to a jury trial. In determining whether Plaintiffs have the right to a jury trial, this court must determine whether their claims are legal or equitable in nature. *Lester v. Dawson*, 491 S.E.2d 240, 242 (S.C. 1997).

If Plaintiffs' claims are determined to be solely equitable claims, they have no right to a jury trial. *Id.* However, if it is determined that Plaintiffs have asserted both legal and equitable claims, they are entitled to have their legal issues determined by a jury and all equitable determinations will be made by this court. *Floyd v. Floyd*, 412 S.E.2d 397, 398-99 (S.C. 1991).

Plaintiffs have asserted a number of claims that are equitable in nature. Plaintiffs have asserted a fraudulent conveyance claim pursuant to the Statute of Elizabeth, which is an equitable action. *See Oskin v. Johnson*, 735 S.E.2d 459, 463 (S.C. 2012) ("An action to set aside a conveyance under the Statute of Elizabeth is an equitable action[.]"). Plaintiffs' claim to declare a constructive trust also lies in equity. *Lollis v. Lollis*, 354 S.E.2d 559, 561 (S.C. 1987) ("An action to declare a constructive trust is in equity[.]"). Likewise, Plaintiffs' action to pierce the corporate veil is an equitable action. *See Oskin*, 735 S.E.2d at 463 ("An action to pierce the corporate veil under an alter ego theory also lies in equity."). Accordingly, Plaintiff is not entitled to a jury trial on Counts one, two, and five.

Plaintiffs' claim for civil conspiracy is legal in nature. *Gynecology Clinic, Inc. v. Cloer*, 514 S.E.2d 592, 592 (S.C. 1999) ("An action for civil conspiracy is an action at law[.]"). As such, Plaintiffs are entitled to a jury trial on their claim for civil conspiracy.

Finally, an action for a declaratory judgment "is neither legal nor equitable, but is determined by the nature of the underlying issue." *South Carolina Farm Bureau Mut. Ins. Co. v. Courtney*, 536 S.E.2d 689, 690 (S.C. Ct. App. 2000). In order to determine whether Plaintiffs have a right to a jury trial on their action for a declaratory judgment, this court must look at the kind of action that "would have been brought had Congress not provided the declaratory judgment remedy." *In re Lockheed Martin Corp.*, 503 F.3d 351, 359 (4th Cir. 2007) (internal

citations omitted).  Whether an action is legal or equitable is determined by the "nature of the issues raised by the pleadings and character of relief sought under them."  *Verenes v. Alvanos*, 690 S.E.2d 77, 773 (S.C. 2010).  Plaintiffs are not requesting damages or any typical relief associated with an action at law with respect to their declaratory judgment cause of action.  Plaintiffs' declaratory judgment action requests that this court permit them to execute on ISAC's assets even though those assets are the subject of a security agreement with Klear-Knit.  In this court's view, the action that underlies Plaintiffs' declaratory judgment claim is one in which the court would determine the priority of the liens on ISAC's assets.  "An action to determine the priority of liens is ordinarily an action in equity."  *A. Lassberg & Co. v. Atlantic Cotton Co., Inc.*, 352 S.E.2d 501, 502 (S.C. Ct. App. 1986).  Accordingly, this court finds that Plaintiffs' declaratory judgment action is an equitable action, and that Plaintiffs are not entitled to a jury trial with respect to that claim.  Therefore, Plaintiffs are only entitled to maintain their request for a jury trial with respect to their claim for civil conspiracy.

## CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that the Motion to Dismiss and Strike is **DENIED** in part and **GRANTED** in part.  The Motion to Strike the Jury Trial Demand is **GRANTED** in part.

As to the declaratory judgment cause of action outlined in Count 3 of the complaint, the Motion to Dismiss and Strike is DENIED.

As to the claim for civil conspiracy outlined in Count 4 of the complaint, the Motion to Dismiss and Strike is DENIED.

As to the request for attorneys' fees, the Motion to Dismiss and Strike is GRANTED in part

and DENIED in part.  The Motion is GRANTED only with respect to the attorneys' fees requested in Count 1 of the complaint, and is DENIED with respect to the attorneys' fees requested in Count 4.

As to the request for compensatory damages, the Motion to Dismiss and Strike is DENIED.

As to the request for punitive damages, the Motion to Dismiss and Strike is GRANTED in part and DENIED in part.  The Motion is DENIED only with respect to Plaintiffs' claim for civil conspiracy as outlined in Count 4 of the complaint.  The Motion is GRANTED with respect to all other claims.

Defendant's Motion to Strike Jury Trial Demand is DENIED with respect to Plaintiffs' claim for civil conspiracy as outlined in Count 4 of the complaint.  The Motion is GRANTED with respect to all other claims.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 19, 2015
Columbia, South Carolina